UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| OSCAR VALDEZ | ) No. ED CV 10-01647-VBK |
| Plaintiff, | ) MEMORANDUM OPINION<br>) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

| | |
|---|---|
|1| determined Plaintiff capable of performing past relevant |
|2| work as a cashier (JS at 3); and |
|3| 2. Whether the ALJ made proper credibility findings (JS at 8.) |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN DETERMINING THAT PLAINTIFF CAN PERFORM HIS PAST RELEVANT WORK AS A CASHIER**

In Plaintiff's first issue, he asserts that the ALJ erroneously determined that he could perform his past relevant work as a cashier. (See JS at 3, et seq.; AR at 19, ¶ 6.)

Plaintiff notes that the ALJ determined his residual functional capacity ("RFC") to include the ability to "occasionally do fine fingering with the right hand." (AR 16.) According to the Dictionary of Occupational Titles ("DOT") definition of the exertional requirements of Plaintiff's past relevant work ("PRW") as a cashier II (see DOT 211.462-010), this job includes a requirement of frequent fingering, defined as a range of one-third to two-thirds of the time. (See JS, Exhibit ["Ex."] 2.) In this respect, the parties do not disagree. Plaintiff's assertion is that the DOT description of this job inferentially includes the requirement of "undoubtedly requir[ing] the use of frequent fine fingering to effectively perform the required tasks, ... [and] require[s] bilateral manual dexterity." (JS at 3.)

Plaintiff's argument is, essentially, that there is an unexplained deviation between the exertional requirements of the

2

identified DOT job and Plaintiff's RFC.  Plaintiff correctly cites Ninth Circuit case law which squarely holds that in the event there is such a deviation, the ALJ must provide a specific explanation for it. See JS at 5, citing Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001); Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997), citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

As to this issue, the principal and defining issue is whether there is, in fact, a deviation between the DOT requirements of the identified job and Plaintiff's RFC. Although Plaintiff does have some limitations in his ability to perform fine manipulations with his right hand, there are no such restrictions identified with the use of his left hand. Testimony by the vocational expert ("VE") at the administrative hearing provides no basis upon which to define the DOT job as requiring fine fingering or such manipulative functions with both hands. Indeed, the hypothetical questions posed to the VE at the hearing by the ALJ assumed only occasional fine fingering with the right hand. (AR 42, 43.) In response, the VE identified that Plaintiff could indeed do his PRW.

The DOT does not expressly contain a requirement, as to this identified job, that it requires fine fingering with both hands. Indeed, numerous case decisions both on the appellate and trial level have found that in similar cases, it cannot be concluded that a requirement of bilateral fine fingering can be read into a DOT job description, where the job description does not explicitly state as much. See, e.g., Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000); Feibusch v. Astrue, 2008 WL 583554, *5 (D. Haw., 2008); Diehl v. Barnhart, 357 F.Supp.2d 804, 822 (E.D. Pa. 2005); McConnell v. Astrue,

2010 WL 1946728 (C.D. Cal. 2010).

Moreover, even if the testimony of a VE is not required in a case where resolution of the disability question occurs at Step Four of the sequential evaluation process, here, the ALJ in fact did utilize a VE's testimony to assist in the determination. See Fuller v. Astrue, 2009 WL 4980273, *3 (C.D. Cal. 2009)(where nature of particular action required in performance of job not specified in DOT, ALJ may properly rely on testimony from vocational expert to determine whether claimant can perform job in question despite claimant's limitations).

In this case, the limitations posed to the VE adequately encompass Plaintiff fine fingering limitations, and thus, the ALJ was entitled to rely upon the VE's testimony that Plaintiff could perform his PRW. Based on this analysis, the Court does not find error with regard to the first issue asserted by Plaintiff.

**II**

**THE ALJ MADE PROPERLY CREDIBILITY FINDINGS**

In Plaintiff's second issue, he asserts that the ALJ did not make proper findings to depreciate his subjective pain complaints. Plaintiff asserts that the ALJ's findings (see AR 19) are not supported by specific, cogent reasons. (See JS at 9, and citations.)

In his decision, the ALJ relied upon several discrete reasons to assess, and depreciate, Plaintiff's subjective complaints. This Court must determine whether the ALJ's findings were specific and supported by the record. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ provided three reasons to detract from Plaintiff's credibility. First, he observed that the objective medical evidence

4

did not support the degree of pain complaints that Plaintiff asserted. (See AR at 30-31.) While the Court disagrees with the Commissioner's legal contention that a contradiction between the medical record and a claimant's subjective testimony is a sufficient reason, in and of itself, to make a credibility finding (see JS at 12, citing Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155 1161 (9th Cir. 2008)), it is a correct legal statement that such a discrepancy can form one basis upon which a credibility assessment may be made. Here, the ALJ relied upon the testimony of the medical expert ("ME") who had reviewed the entire medical record and indicated that Plaintiff could work with some stated limitations. (AR 17-18, 29-36.) The check-box medical form in the record (AR 373-375) was prepared by an unknown person, and the limitations set forth in that check-box form are not substantiated by objective medical findings. It is therefore not entitled to deference.

The ALJ also noted that Plaintiff has followed a conservative treatment regimen. (AR 18-19.) This conclusion is, in fact, substantiated by the record, and as a credibility factor, is recognized as valid. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 128 S.Ct. 1068 (2008). Here, Plaintiff received only brief periods of steroid injections or physical therapy, and some medication.

As a final factor, the ALJ did note that Plaintiff's condition improved when he complied with his prescribed treatment regimen. (AR 18-19.) Again, this observation is supported by the medical record, and by case precedent as a valid credibility assessment factor. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).

For the foregoing reasons, the Court cannot second-guess the

ALJ's credibility assessment, since it is based on substantial evidence in the record, and is supported by specific and legitimate reasons.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: July 25, 2011 /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE